**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES EMORY CARTER,

               Plaintiff,

                                        Case No. 3:16-cv-1162-J-34JRK

vs.

ALDORA WESLEY and DOREAH
CORBETT WOODS,

               Defendants.
_____/

## **AMENDED REPORT AND RECOMMENDATION**[1]

### **I. Status**

This cause is before the Court on pro se Plaintiff's Affidavit of Indigency (Doc. No. 2), filed September 12, 2016, construed as a Motion to Proceed In Forma Pauperis. Also before the Court are various motions, petitions, and other documents filed by Plaintiff. See Doc. Nos. 6, 7, 9, 10, 11, 12, 13.

Plaintiff initiated this case on September 12, 2016 by filing a Civil Rights Complaint (Doc. No. 1; "Complaint" or "Compl."). On November 4, 2016, the undersigned took under advisement the Motion to Proceed In Forma Pauperis because the Complaint appeared subject to dismissal for frivolity and failure to state a claim. See Order (Doc. No. 5). In an abundance of caution, Plaintiff was given an opportunity to amend the Complaint to correct the deficiencies. Id. at 1, 4-5.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Thereafter, Plaintiff filed an Amended Complaint (Doc. No. 8) on December 12, 2016. He additionally filed the following handwritten documents: an "Emergency Petition to add another Respondent to Petition" (Doc. No. 6), filed December 12, 2016; a "Notice of Hearing" (Doc. No. 7), filed December 12, 2016; an "Emergency Petition for Court Order (Doc. No. 9), filed December 13, 2016; a letter to the Clerk and a different "Emergency Petition for Court Order" (Doc. No. 10), filed together on December 13, 2016; an "Emergency Motion to Compel" (Doc. No. 11), filed January 4, 2017; a letter to the Clerk requesting a hearing (Doc. No. 12), filed January 4, 2017; and a letter to the Court complaining that another person is conspiring with the Deputy Clerk of Court and impeding Plaintiff's ability to file and serve motions (Doc. No. 13), filed January 11, 2017.

Upon review, for the reasons discussed below, the undersigned recommends that the Motion be denied, that all other remaining motions and petitions be denied, and that the case be dismissed without prejudice.

## II. Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that

subject matter jurisdiction is lacking." Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

### III. Discussion

Here, although it appears Plaintiff may be financially unable to pay the filing fee, see Motion at 1-5, a review of Plaintiff's Amended Complaint reveals that it is subject to dismissal for frivolity and failure to state a viable claim upon which relief may be granted. The Amended Complaint is handwritten and largely illegible, making it difficult to tell who the Defendants are and what causes of action, if any, Plaintiff attempts to bring against each Defendant. Plaintiff indicates that he lives in a nursing home. See id. at 6; see also Motion at 2. From what the Court can glean, Plaintiff seems to claim, in part, that Defendants violated his constitutional rights because they stopped visiting him and failed to retain a

lawyer for him. See Am. Compl. at 5. Plaintiff also makes references to theft and fraud, among other things, but the circumstances are unclear. See Am. Compl. at 6-7.

The Court takes notice that Plaintiff's address is the address for First Coast Health & Rehabilitation Center in Jacksonville, Florida, which is a private, non-profit facility. All the parties named as Defendants in the Amended Complaint appear to be private individuals and entities residing in Florida, and there is no indication in the Amended Complaint that they are citizens of any other state. See Am. Compl. at 3-4.

Liberally construed, as far as can be discerned, the Amended Complaint appears frivolous, and it does not seem to contain any legitimate basis for seeking relief in this Court. The Amended Complaint provides no basis for diversity jurisdiction,[2] and the allegations fail to implicate any rights cognizable under federal law. As any further attempt to amend the claims would be futile, the undersigned concludes the case is appropriately dismissed.

Although the case is due to be dismissed, the undersigned further observes that the other documents filed by Plaintiff also fail to warrant relief. Specifically, in documents labeled as motions or petitions, Plaintiff makes a variety of apparently unrelated allegations against various employees at the nursing home, none of whom is mentioned in the Amended Complaint. See Doc. Nos. 6, 9, 10, 11. As with the Amended Complaint, the documents are all handwritten and generally illegible. Some of the documents are labeled as "emergency" motions or petitions, but they do not appear to involve any immediate threat of harm requiring the Court's attention. And to the extent they can be deciphered, the allegations in the documents appear frivolous and fail to provide any basis for relief in this Court.

---

[2] Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading and ultimately proving jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

Plaintiff also seeks a hearing.  See Doc. Nos. 7, 12; see also Doc. No. 10, at 1 (letter to the Clerk regarding when to set a hearing).  Because Plaintiff's claims are frivolous and due to be dismissed, a hearing is unwarranted.

### IV.  Conclusion

For the foregoing reasons, it is

**RECOMMENDED THAT**:

1. The Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. All other remaining motions and petitions be **DENIED**.

3. This case be **DISMISSED without prejudice**.

4. The Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 12, 2017.

_____
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro se party